CHARLES BACH, PLAINTIFF-APPELLEE, v. HILLSIDE TRANSPORTATION COMPANY, INC., A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued May 1, 1945—Decided July 24, 1945.

Before BROGAN, CHIEF JUSTICE, and Justice PARKER.

For the plaintiff-appellee, *Irving Edelstein* (*Thomas F. Doyle,* of counsel).

For the defendant-appellant, *John C. Grimshaw* (*David E. Feldman,* of counsel).

PER CURIAM.

The defendant appeals from a judgment by which the plaintiff was awarded damages for personal injuries sustained by him as a result of being run down by the defendant's automobile.

The appellant's first point is that the trial court erred in denying a motion for nonsuit and a directed verdict. These grounds of appeal are not available to the appellant. After verdict a rule to show cause was granted and the reasons assigned in the rule are that the verdict was contrary to the

weight of the evidence and was excessive. On the return of the rule, although the *quantum* of damages seems to have been the only point argued, nevertheless there was no formal abandonment by court order of the other point, a necessary requirement, if any reason urged in support of the rule is to be reserved for appeal. This rule, of long standing, has been reiterated in *Cleary* v. *Camden*, 119 *N. J. L.* 387. The proposition that a verdict is contrary to the weight of the evidence is necessarily embraced within exceptions to the refusal to nonsuit and to direct a verdict on the ground, as here, that there was no evidence of the defendant's negligence and that contributory negligence of the plaintiff conclusively appeared. *Catterall* v. *Otis Elevator Co.,* 103 *Id.* 381.

It is further said that a nonsuit or a directed verdict for the defendant should have been granted for lack of proof that the vehicle which struck the plaintiff was owned by the defendant. This, too, is *res judicata* under the doctrine cited above, because it is comprehended by the reason assigned in support of the rule that the verdict was against the weight of the evidence.

It is next said that it was error to permit one Charles P. Wipfler to testify in rebuttal, this witness, the driver of the automobile in question, having been called by plaintiff on his main case. This is not error but is a matter that is entrusted to the discretion of the trial court. *Minard* v. *West Jersey, &c., Railway Co.,* 74 *N. J. L.* 39. A further point—that it was error to have permitted the plaintiff, Charles Bach, to testify concerning the amount of wages paid to carpenters —the witness himself having been a carpenter for many years—has no merit and requires no discussion.

It is next said that it was error for the trial court to charge plaintiff's first request to charge. The request to charge was not unsound legally but the argument of the appellant seems to be that the court should have gone further and elaborated on what the request to charge contained. This complaint is addressed not so much to what the court said as to what the court failed to say. There was no request made by the appellant to have the court amplify the request to charge that is now complained of.

Finally, it is said that the court's denial of a new trial, in disposing of the rule to show cause, amounted to an abuse of discretion. The trial court reduced the plaintiff's verdict from $15,000 to $10,000. The court's failure to reduce it further or to set aside the verdict *in toto* was not an abuse of its discretion.

The judgment is affirmed, with costs.